Good morning, Your Honours. My name is Abbas Kazaronian and I represent the appellant Robert Afewerki. May it please the Court, if it be okay with the Court, I'd like to reserve two minutes of my time for rebuttal. Certainly. There are two issues before the Court here today. The first of which is, did the District Court err in ruling on reconsideration that the second Rule 68 accepted by Mr. Afewerki was lesser in value than the first Rule 68 that was offered? The second issue that's before the Court is, did the District Court subsequently go on to abuse its discretion in reducing the fees that it had initially awarded by over 99%? And Mr. Afewerki contends that on the first issue the Court did err and on the second issue it did abuse its discretion. I think as a foundational point, Your Honours, before we get to the reduction of the fees and the Hayworth analysis, there has to be a legal analysis done of which Rule 68 is greater in value. And that legal analysis has to be done on a de novo review before you get to the abuse of discretion review on the reduction of the fees. As for the value of the Rule 68, I think the instructive case here is from the 11th Circuit called Dano v. The Law Officers of David E. Barak. That was an FDCPA case where the Rule 68 in question was for $1,000 plus $2,000 in fees and costs conditioned upon a confidential settlement agreement. That was subsequently rejected and then the plaintiff won a trial, $1,000 in statutory damages, was entitled to the entirety of the fees and costs as permitted by the statute without the condition. The 11th Circuit in that case opined that that condition of the confidential release had some value. What the value was, the Court didn't know, but it had some value to the defendant and therefore it reduced the value of the Rule 68. That is exactly what happened here. The first Rule 68 was for $1,800 inclusive of costs and fees otherwise recoverable in the action. The second Rule 68 was for $1,001 plus reasonable attorneys' fees and costs as determined by the Court. So if you look at the two side by side, the first one had three restrictive conditions. The first, it didn't offer all the damages available to the plaintiff, which the second one did. It allowed for $1,000 in statutory damages, arguably $1,000 in actual, $1 in actual damages plus all the fees as determined by the Court. The second issue is that the, the second restriction is that the fees are capped in the first Rule 68 where there's not in the second Rule 68. All the fees were up for grabs as deemed reasonable by the Court. And I think third, and probably most importantly, the first restriction, the first Rule 68 was restricted by the fact that it took away the consumer and Mr. Affleworky's right to have the Court determine what reasonable fees were, which the second one did not. And that's further actually supported by a case called Younger from the Northern District of California, which we cited in our briefs. Now, if you can get past that, which I don't think the Court can, I think the analysis should stop there. It's evident that the second one is more valuable. And I think the, the first fee motion should stand that the Judge Klosner ruled upon. We shouldn't go into the reconsideration and, and have that, and have that analysis. Now, if you get by that, I think when you get to the abuse of discretion standard, I think it's absolutely evident for a plethora of reasons why the District Court abused its discretion. The first of which was that it ran afoul of Merino versus City of Sacramento. The Ninth Circuit on multiple occasions has instructed District Courts that when there is a deviation of more than 10% downwards on attorneys' fees, it has to specify, explain with specificity why that deviation is warranted. And in this particular case, the District Court didn't do that. It literally in two sentences reduced the fees by over 99%. And the rationale was the Court finds 8.6 hours to prepare for, draft, and review the complaint, which appears to be based on a template and involves only two. I want to interrupt you for a second because I'm interested in what information the, the Court had at that point. Was there, was there an evidentiary hearing of any kind? There was no evidentiary hearing. Were there exhibits regarding the, the hours claimed to have been worked? I guess the hourly rate was undisturbed, but. Yes. What, what evidence was there to support the reduction? Well, there, there was no support for the reduction, Your Honor. What evidence was there that a template was used in preparing the complaint? Well, there was, there was some exhibits by the defendant in the case where there were other, other complaints that were similar. But if you actually look at the complaints in question, and in fact, they're in the excerpts of. This complaint had a number of allegations that were specific to Mr. Afewarki, didn't it? Exactly right, Your Honor. The factual allegations in each of the complaints are different. Now, there is, you're going to have the introduction and the prayer for relief that may be similar to other cases, but those are tried and tested complaints that have stood to Twombly and Iqbal motions. But, of course, the fact, the parties are going to be different. The factual allegations are going to be different. And what's interesting is that the, Judge Klozner in the District Court's opinion relied on a case called Dorian from the Northern District of California, where there were 73 similar complaints in an ADA case. Now, in that case, Judge Ilston awarded 0.5 hours for the drafting of the complaint. And so Judge Klozner just sort of beelined in on that and awarded only 0.7 hours for drafting and review of the complaint, but for the totality of the work done before the issuance of the Rule 68. Now, what's actually interesting is in the Dorian case, Judge Ilston awarded 10.4 hours for all the work that was done pre-issuance of Rule 68, which was at a very similar procedural state as this current case was at the issuance of the first Rule 68. The other abuse of discretion here is that the District Court completely misapplied the Marek case from the U.S. Supreme Court. The Marek case only stopped reviewing the fees at the issuance of the first Rule 68 because it first looked at the statute of Rule 68, which only has a temporal limitation on the costs, nothing to do with the fees. Now, Marek in the Supreme Court ruled under heavy dissent, may I add, that in a 1983 case, the definition of cost contemplates fees, but that's not the case in an FDCPA case. In the FDCPA, under 1692Ka3, it's absolutely abundantly clear that the costs and the fees are treated differently. And in fact, the U.S. Supreme Court, in dealing with costs and fees in the Marek case, did treat costs and fees differently under the FDCPA. So, when you look at the Hayworth analysis, Hayworth is all about reasonableness. There is no bright line rule that you stop the analysis of what reasonable fees were on the date of the service of the Rule 68. You have to look at the facts of this case. Here, the Rule 68 was served on the 22nd of October 2014.  So, is it reasonable for an attorney, doing their due diligence and doing their work properly, that they just put their heads in the sand and ignore everything? No. The reasonable thing is, you analyze the Rule 68, you look at the motion to dismiss, you discuss it with your client, potentially work on an amended complaint, and that could be done in that 14-day pendency of the Rule 68 before it expires. There is no bright line rule that you stop looking at the fees. Secondly, Judge Klozner completely ignores line items in the billings, which he had already approved in the first order of client intake, reviewing of the documents, which included reviewing documents in the state court case, the contractor issue at the heart of the case, and just concentrated on the drafting and the review. There is no explanation with specificity under Merino of why those all other cases, which were pre-approved, suddenly just evaporated. There is no explanation for that. And I think what's also interesting is that the reconsideration was only entertained because the district court stated that it was only taken on the reconsideration because it was reversible error not to do the Hayworth analysis. Nothing to do with the fact that its first analysis on the fees and the time spent was erroneous. We've got the timesheets in the record. I know you wanted to save a little bit of time. Yes, thank you, Your Honor. Good morning, Presiding Justice, Associate Justices, may it please the Court, Jonathan Malik on behalf of Anaya Law Group for the appellees. The facts in this case are relatively undisputed. Apfelwerke retained Haydn-Sweigart to represent him in the underlying state court case. They sent out a bill of particulars in the underlying state court case and received a notice of errata in the state court case. Immediately upon receiving the notice of errata, they filed an FDCPA case that is almost identical to the case they filed two months before. And we've attached the other complaint that they filed two months before in our supplemental designation of the record. And while there are some differences, the complaint is 90% identical. What evidence did the trial court have to base the reduction of the fees on? What evidence was there? The trial court did have the previous complaint. Just the complaint? It was filed two months before and was able to compare the two complaints. And the trial court had all the underlying state court documents that were litigated on summary judgment. No evidence? You consider the complaint evidence? Other than the complaint being evidence and the pleadings in the state court case that were filed with the district court, that's what the court had to consider. But the court is supposed to use its reasoning, logic, and experience in assessing what was reasonable in preparing that complaint. We cite to several cases that indicate that the district court has great discretion. Well, at least one of those was an ADA case, and those at least where I'm from are quite a bit different. But they do have discretion in determining what is reasonable. Under Solomon, Solomon and Hayworth were similar Rule 68 offers compared to this one. The district court has the discretion to determine. And there's the analysis. What do you do when the first offer includes attorney's fees and costs and the second offer does not include attorney's fees and costs? The district court was required to do that analysis. The district court didn't. They hold themselves out to be experts on this. They would have done the research when they were doing the previous complaint, so the district court was within its discretion to find 8.6 was excessive. The Rule 68 offer was served the day before the motion to dismiss was filed, but it was also served via email and fax. So they had it before. They had time to do the analysis. They ended up amending their complaint anyway. So how much more research could have been done if they had to amend the complaint? Obviously, they did something wrong the first time. The judge figured the time was at, what, .7 hours? .7 at $350 an hour. But it's a complaint that was 90% That's really short. I mean, I guess there's no evidence, but it would seem like it would have required a client conference. But they did all that in the state court action. They represented AFWERKI in the state court action. They got the notice of errata in the state court action. All of this doesn't happen in a bubble. It happens in context, and the context was that they did most of this work in the state court action. They're not allowed to bring it over and duplicate it here. They learned of these facts in the course of the state court representation. There's no case law saying that what they've learned in the state court representation carries over to preparing the complaint in this case. They got the notice of errata. They saw that there was an issue, and the district court had an obligation to evaluate the attorney's fees in light of the settlement offers. I mean, we tried to make a settlement offer at the onset of the case, I mean, given what they learned in the state court action. You can't just say, and what they're trying to say is, because we did this work in the state court action, we should be able to cover those fees in the federal action. That's not what they're entitled to do. I mean, this is the kind of, as soon as they got the Rule 68 offer, they added additional attorneys to this case. They ratcheted up the litigation. This was exactly what the court in Haworth urged people to be cautious of. And this isn't the first time we cite to the Costa case where the trial judge with the same firm reduced the attorney's fees for needlessly running up litigation fees. If the trial judge had found that two hours was a reasonable time, the result would be different, right? If it was within its discretion, yes. But the court would still have to do the analysis of going forward and the reasonableness of the attorney's fees going forward when they made no effort to settle the case. We cite to Sepgon v. Catholic Bishops of Chicago where the district court properly considered counsel's failure to assess the feasibility of a quick settlement in the number of hours expended. I mean, as this court stated in the last appeal, this was unintentional. Afro-Rookies suffered no damages. They lost on the FDCPA complaint, which the district court was entitled to take into consideration anyway in awarding attorney's fees. So all of this comes into play that the award was reasonable and the district court did not abuse its discretion. It has leeway in determining what was reasonable for the drafting of a complaint that's 90% similar to a complaint they drafted two months before. Unless the panel has... I'd also like to distinguish Danow because the analysis in Danow focused on the confidentiality clause and valuing a confidentiality clause. In this case, the Rule 68 offer was more like Solomon. It was actually identical to Solomon than Danow. And the... Unless the panel has any further questions, I'll submit on my brief. Thank you, counsel. Thank you, Your Honours. Your Honours, in my rebuttal, I'd like to ask a rhetorical question. What kind of precedent would the court be setting if it affirmed the lower court's ruling? When you look at the context of what took place before the issuance of the Rule 68, as I mentioned before, I think we should look at what happened during the pendency of the 68. But let's just take what was actually analysed. There was an intake. There was review of documents. There was review with partners. There was a Rule 11 investigation that you're mandated to do under the rules of civil procedure. There was a drafting of the complaint. There was a review of the complaint. And there was the discussion of the complaint with the client, the filing of the complaint, and the service of the complaint. Is it reasonable to expect attorneys to do that in 41 minutes? Because it's a slippery slope to malpractice if that's what the decision's going to be. Because the message that that's being sent at that point is you're damned if you do and you're damned if you don't. Because if you follow that structure, we're going to be in front of the court, responding to courts of why we haven't complied with Rule 11. And if you do your job properly, you're going to be in front of the court knowing you're not going to get paid for that. That's not a good precedent to set, Your Honours. And so, in running out of my time, Your Honours, I respectfully request that the court reverse the lower court's decision and reinstate the initial fee and the cost order and then remand for the ability for Mr. Affleworkie to apply for his fees for the reconsideration motion and the current appeal. Thank you. Thank you very much. Matter submitted.
judges: Nguyen, Owens, Antoonii